UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11707-GAO

LEONARDO M. SANTOS,
AS FATHER AND NEXT FRIEND OF SCOTT JOHN SANTOS, DECEASED,
Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Defendant.

OPINION AND ORDER
March 29, 2018

O'TOOLE, D.J.

Scott John Santos filed an application for Social Security Disabiltiy ("DIB") and Supplemental Security Income ("SSI") benefits on September 3, 2013, alleging disability from August 3, 2013. (Administrative Tr. at 209 [hereinafter R.].)[2] His application was denied at both the initial and reconsideration levels within the Administration. The claimant then requested a hearing, which was held before an Administrative Law Judge ("ALJ") on January 13, 2015. The ALJ subsequently issued an unfavorable decision on March 24, 2015. While an application for review by the Appeals Council was pending, the claimant died of complications from a disease of the liver, and the Appeals Council dismissed the appeal. His father, Leonardo Santos, then

---

[1] Nancy A. Berryhill is the Deputy Commissioner of the Social Security Administration, and she leads the Administration until a new Commissioner is nominated and appointed. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is automatically substituted as the defendant in this action.

[2] The administrative record has been filed electronically, (dkt. no. 16). In its original paper form, its pages are numbered in the lower right-hand corner of each page. Citations to the record are to the pages as originally numbered, rather than to numbering supplied by the electronic docket.

requested to be substituted for his son as a party.[3] The Appeals Council granted the request as to the DIB claim only. It also then vacated the previous dismissal of that claim but declined the pending request for review. That procedural maneuver had the effect of making the ALJ's decision the final decision of the Commissioner thus available for review by this Court. See 42 U.S.C. § 405(g).

Findings of the Commissioner are conclusive as long as they are supported by substantial evidence. See id. "[I]f a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," the Court therefore must affirm, Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1991) (quoting Rodriquez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222) (1st Cir. 1981)), even if the record could arguably justify a different conclusion, Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). On this appeal, the plaintiff argues that the ALJ's decision should be overturned because it is not based on substantial evidence.

The ALJ found that the claimant had two severe impairments: "lower back pain secondary to small protrusions at L-4 and L-5" and "depression." (R. at 33.) After discussing the claimant's relevant history of medical consultation treatment in detail, consuming ten pages of his eighteen-page decision, The ALJ made the following conclusion:

> After careful consideration of the entire record, I find that the claimant has the following residual functional capacity to lift up to 10 pounds occasionally, to stand or walk 4 hours over an 8-hour day, to sit 6 hours over an 8-hour day, with only occasional pushing or pulling with either upper extremity, with only occasional climbing, balancing, stooping, kneeling, crouching, or crawling, with a need to avoid climbing using a rope, ladder, or scaffold, with only occasional reaching overhead with the either upper extremity, with a need to avoid concentrated exposure to hazards such as moving machinery or unprotected heights. The claimant could understand and remember simple instructions, could concentrate for

---

[3] For the sake of clarity, this opinion will refer to Scott Santos as the claimant and Leonardo Santos as the plaintiff.

2

2 hour periods over an 8-hour day on simple tasks, could interact appropriately with coworkers and supervisors, and could adapt to changes in the work setting.

(Id. at 35.)

The plaintiff first contends that the ALJ's conclusion regarding the claimant's back pain was not supported by substantial evidence. The dispute is not about whether the claimant had a physical impairment; the ALJ found the claimant to have a severe impairment related to lower back pain. Rather, the question is whether the ALJ determined the appropriate level of restriction or limitation the claimant suffered as a consequence. The plaintiff cites only one medical opinion that might be understood to conflict materially with the ALJ's RFC finding related to the claimant's back injury. The plaintiff points to Dr. Davis's November 2012 opinion[4] that the claimant was unable to lift over five pounds, (id. at 393), whereas the ALJ determined that only a ten-pound restriction was necessary, (id. at 35).

The ALJ, however, specifically addressed Dr. Davis's report, noting that he gave the report "less weight" because the musculoskeletal exam upon which Dr. Davis's conclusion was based "showed normal findings with no abnormal gait." (Id. at 44–45.) What the ALJ was likely referring to was another portion of the same report. The musculoskeletal examination portion of Dr. Davis's report is marked "WNL." (Id. at 389.) This is a medical term which typically means "within normal limits." See Ann G. Hirschman, Medical Proof of Social Security Disability § 1:8 (2d ed. 2015).While the ALJ must evaluate every opinion in the record, no matter the source, the ALJ is authorized to weigh one opinion more heavily than another, and in particular, "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs

---

[4] In addition to the one opinion noted, the plaintiff also cites Dr. Davis's May 2012 opinion to show that the claimant is unable to sit for more than 30 minutes. (Id. at 430.) This finding, however, is immaterial as one of the jobs proposed for the claimant, Security Surveillance Monitor (DOT 379.367-010), would allow for either sitting or standing as needed. (Id. at 81.)

and laboratory findings, the more weight [the ALJ] will give that medical opinion." 20 C.F.R. § 404.1527(c)(3). Here, the ALJ found that the medical source did *not* report relevant evidence to support his opinion.

The ALJ relied significantly upon the findings of reviewing consultants Drs. Siegel and Singh, who found that the claimant should not lift greater than ten pounds. (R. at 44; see also id. at 90–92, 118.) These findings were given "great weight" by the ALJ. (Id. at 44); see Hill v. Colvin, Civil Action No. 13-11497-DJC, 2015 WL 132656, at *9 (D. Mass. Jan 9, 2015) (holding that non-treating medical sources may be given great weight in appropriate circumstances).

The findings by the ALJ, therefore, regarding the specific weight-limit restrictions of the claimant are supported by substantial evidence within the record. The small amount of evidence pointed to by the plaintiff as contradicting the physical RFC finding was directly and adequately addressed by the ALJ in his decision.

The second contention raised by the plaintiff is that the ALJ's RFC finding as to the claimant's depression is not supported by the substantial evidence in the record. The ALJ found that the claimant's depression was "severe" for purposes of the application for benefits. (R. at 33.) The ALJ then determined that the claimant would have some consequent limitations, but that he was able to "understand and remember simple instructions, could concentrate for 2 hour periods over an 8-hour day on simple tasks, could interact appropriately with coworkers and supervisors, and could adapt to changes in the work setting." (Id. at 35.)

In support of his proposition that the RFC finding was inconsistent with the record, the plaintiff discusses medical reports that refer to the claimant's mental condition. (See, e.g., id. at 339–40, 391, 428, 539.) However, none of these medical reports on their face contradict the ALJ's conclusion. Mostly, the plaintiff relies upon the claimant's hearing testimony that, among other

restrictions, he is only able to concentrate for ten to fifteen minutes at a time. (See id. at 65, 73–74, 80.) Subjective testimony alone, without corroborating objective evidence, cannot be used to determine a finding of disability. 20 C.F.R. § 404.1529(a). The ALJ must look at the totality of evidence including the "claimant's statements, opinions of treating physicians, reports of [the] claimant's activities and [the] claimant's course of treatment," Nguyen v. Chater, 172 F.3d 31, 34 (1st Cir. 1999) (per curiam) (citing 20 C.F.R. § 404.1529(c)). Specifically, the ALJ may consider the claimant's "daily activities" in determining the credibility of statements, 20 C.F.R. § 404.1529(c)(3)(i), which is what the ALJ did.

The ALJ found the subjective testimony about an inability to sustain concentration to be inconsistent with the claimant's description of his other activities and interactions, which included: spending time with his brother and father regularly, socializing with a few friends, watching news and sports programs, and reading the newspaper daily. (R. at 45; see also id. at 337–38, 399.) The ALJ further found the claimant's testimony not credible because it was inconsistent with the findings on the record as a whole, specifically noting findings that the claimant had either no or stable depression and anxiety. (Id. at 45; see also id. at 501, 551.) Instead, the ALJ relied significantly upon the separate but consistent opinions of the mental health consultants Drs. Clementson and Kellerman that the claimant was "[a]ble to understand and recall simple information," able to "sustain attention . . . for 2 hour blocks" and "[a]ble to relate adequately" to others. (Id. at 93–94; see also id. at 44, 120–21.)

Although the decision made by the ALJ was not the only one possible on the evidence, making reasonable inferences and determining the claimant's credibility are the province of the Commissioner. Rodriguez Pagan, 819 F.2d at 3; Conte v. McMahon, 472 F. Supp. 2d 39, 46 (D.

Mass. 2007) (citing Ortiz, 955 F.2d at 769). The RFC constructed by the ALJ was grounded in substantial evidence in the record.

The plaintiff does not appear to contest that, if the RFC was properly determined, the conclusion that there were jobs available in the economy was not erroneous.

Finally, the plaintiff tries to assert a late claim that the claimant was disabled due to liver disease, of which he later died. There is evidence in the medical record that clinicians were aware that the claimant had symptoms of a disease of the liver. There is no suggestion in the record, however, that those symptoms affected his ability to work. On the record, a claim of disability from liver disease is wholly meritless.

The plaintiff's Motion for Order Reversing the Decision of the Commissioner of the Social Security Administration (dkt no. 21-1) is DENIED, and the Commissioner's Motion to Affirm the Commissioner's Decision (dkt no. 24) is GRANTED.

The decision of the Commissioner is AFFIRMED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge